IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEXIS RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HIRERIGHT, LLC,<br><br>Defendant, | Civil Action No:<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff ALEXIS RODRIGUEZ ("Plaintiff"), by and through his attorneys, FCRA ATTORNEYS, and files this *Complaint* against Defendant HIRERIGHT, LLC. ("HireRight"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.,* the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(b)(3) because the Plaintiff resides in this district and a substantial part of the events or omissions giving rise to the claim occurred within this district, as also Defendant conducts regular business activities in this district.

Page **1** of **11**

## PARTIES AND SERVICE

**Plaintiff Alexis Rodriguez**

4. Plaintiff is a resident of El Paso County, Texas.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under the FCRA 15 U.S.C. § 1681a(c).

**Defendant HireRight, LLC**

6. Defendant HireRight is a "Consumer Reporting Agency" as defined by the FCRA 15 U.S.C. § 1681a(f). Defendant HireRight conducts substantial and regular business activities in this district with its headquarters located at 100 Centerview Drive, Suite 300 Nashville, TN 37214. Defendant HireRight may be served with process upon LEGALINC CORPORATE SERVICES INC., its registered agent for service of process, at 10601 Clarence Dr., Suite 250 Frisco, Tx 75033-3218.

7. At all times material hereto, Defendant HireRight is a Consumer Reporting Agency that regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers to furnish consumer reports to third parties as said term is defined under the FCRA 15 U.S.C. §.

8. Among other things, Defendant HireRight sells consumer background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

9. HireRight regularly sells consumer reports to employers in this district, including Eaton Corporation, and maintains contractual relationships with Texas-based entities.

## FACTUAL ALLEGATIONS

10. On or about February 7, 2025, Plaintiff applied for employment with Eaton Corporation (the "Employer").

11. Plaintiff's employment with the Employer was contingent on Plaintiff passing a background check provided by Defendant HireRight.

12. On February 13, 2025, Defendant HireRight published its background check report on Plaintiff to the Employer (the "Report").

13. In its Report, Defendant HireRight falsely and erroneously published that Plaintiff had a criminal record in Tarrant County, Texas. The following record (the "Charge") was erroneously published to Plaintiff's Report and did not belong to Plaintiff.

    a. Case number 1711360 Felony 2nd degree aggravated assault with deadly weapon.

14. Plaintiff has never been arrested and charged with the Charge.

15. Tarrant County Court records state the person whom the Charge belongs was sentenced was placed into custody on June 12, 2025.

16. It is alleged that Defendant HireRight published another individual's criminal record that has the same first and last name as Plaintiff, but not the same social security number or same birthday.

17. Shortly after Defendant HireRight published the Report to the Employer, the Employer rescinded its offer of employment to Plaintiff exclusively due to the false or erroneous publication of the Charge on the Report.

18. Defendant HireRight falsely and erroneously published another individual's criminal record to Plaintiff's Report.

19. On February 24, 2025, Plaintiff submitted a dispute to HireRight disputing the publication

of the Charge on Plaintiff's Report by HireRight.

20.     On March 3, 2025, HireRight sent a response to Plaintiff stating that the Charge was verified as accurate and would not be removed from Plaintiff's Report after the Tarrant County District Court was contacted.

21.     It is alleged that Defendant HireRight did not conduct a reasonable reinvestigation.

22.     To this date, Defendant HireRight continues to publish false and erroneous information relating to the Charge on Plaintiff's Report.

23.     Defendant HireRight failed to promptly delete or correct the inaccurate information relating to the Charge.

24.     The false and erroneous reporting by Defendant HireRight will continue to cause harm and injury to Plaintiff.

25.     Due to Defendant HireRight's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from employment denials, expenditure of time to fix the erroneous Report published by HireRight, loss of wages, loss of employee benefits, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

26.     Defendant HireRight willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

27.     Defendant HireRight did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's Report because HireRight published a Report relating to Plaintiff, which contained false and erroneous information about Plaintiff's criminal history.

28.     Defendant HireRight failed to take adequate steps to verify information before HireRight included it in Plaintiff's consumer report and later published the Report to users.

29.     Defendant HireRight did not delete or correct the false or erroneous information on Plaintiff's Report after receiving disputes from the Plaintiff relating to his Report and the Charge.

30. Due to Defendant HireRight's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from employment denials, expenditure of time, to fix the erroneous Report published by HireRight, loss of wages, loss of employee benefits, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

31. Defendant HireRight willfully or negligently failed to comply with its obligations under the FCRA 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant HireRight

32. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

33. This is an action for negligent violation of the Fair Credit Reporting Act, U.S.C. § 1681 et seq.

34. HireRight negligently violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

35. HireRight has negligently failed to comply with the FCRA. The failure of HireRight to comply with the FCRA includes, but is not necessarily limited to, the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by Plaintiff;

  d) The failure to promptly and adequately investigate information that HireRight had notice was inaccurate;

  e) The continual placement of inaccurate information into the report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f) The failure to note in the report that the Plaintiff disputed the accuracy of the information;

  g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised HireRight to delete;

  h) The failure to take adequate steps to verify information HireRight had reason to believe was inaccurate before including it in the report of the consumer.

36. As a result of the conduct, action, and inaction of HireRight, Plaintiff suffered damage by loss of employment, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment denial.

37. The conduct, action, and inaction of HireRight was negligent, rendering HireRight liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury according to 15 U.S.C. § 1681(n)

38. Plaintiff is entitled to recover reasonable costs and attorney's fees from HireRight in an amount to be determined by the Court according to 15 U.S.C. § 1681(n).

39. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against HireRight, or damages together with attorney's fees and court costs according to 15 U.S.C. § 1681(o).

## SECOND CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681i(a) as to Defendant HireRight

40. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

41. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

42. HireRight willfully violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

43. HireRight has willfully failed to comply with the FCRA. The failure of HireRight to comply with the FCRA includes, but is not necessarily limited to, the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory information after a reasonable request by Plaintiff;

   d) The failure to promptly and adequately investigate information that HireRight had notice was inaccurate;

   e) The continual placement of inaccurate information into the report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the report that Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or

  could not be verified, or that the source of information had advised HireRight to delete;

 h) The failure to take adequate steps to verify information HireRight had reason to believe was inaccurate before including it in the report of the consumer.

44. As a result of the conduct, action, and inaction of HireRight, Plaintiff suffered damage by loss of employment, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment denial.

45. The conduct, action, and inaction of HireRight was willful, rendering HireRight liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury according to 15 U.S.C. § 1681(n).

46. Plaintiff is entitled to recover reasonable costs and attorney's fees from HireRight in an amount to be determined by the Court according to 15 U.S.C. § 168l(n).

47. **WHEREFORE,** Plaintiff, an individual, demands judgment in his favor against HireRight for damages, together with attorney's fees and court costs according to 15 U.S.C. § 1681(n)

### THIRD CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant HireRight

48. Plaintiff re-alleges and incorporates by reference all the allegations outlined in the precedent paragraphs as if fully stated at length herein.

49. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

 a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

 b. The failure to note in the consumer report that Plaintiff disputed the

Case 3:25-cv-00466-LS   Document 1   Filed 10/10/25   Page 9 of 11

accuracy of the information; and

c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

50. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

51. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court according to 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court according to 15 U.S.C. § 1681o.

## FOURTH CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant HireRight

53. Plaintiff re-alleges and incorporates by reference all the allegations outlined in the preceding paragraphs as if fully stated at length herein.

54. Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to, the following:

a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

b. The failure to note in the consumer report that Plaintiff disputed the

Page **9** of **11**

      accuracy of the information; and

    c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

55. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

56. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court according to 15 U.S.C. § 1681n.

57. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court according to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

58. Plaintiff requests a trial by jury on all issues and counts so triable, according to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2);

5. Prejudgment and post judgment interest as allowed by law and

6. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 10, 2025

FCRA ATTORNEYS

/s/ *Heather Hersh*
Heather Hersh
TX Bar No. 24025426
5301 Alpha Rd., Ste 80-5
Dallas, Texas 75240
Tel:    (214) 945-0000
Fax:   (469) 669-0786
heather@fcraattorneys.com
*Attorneys for Plaintiff*