UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEXIS RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>HIRERIGHT, LLC,<br><br>Defendant. | Case No. 3:25-cv-00466-LS |

**DEFENDANT HIRERIGHT, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant HireRight, LLC appears, by and through undersigned counsel, and answers and asserts affirmative defenses to Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1. The allegations in paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, HireRight admits only that Plaintiff seeks to assert claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

**JURISDICTION AND VENUE**

2. The allegations in paragraph 2 are legal conclusions to which no response is required.

3. The allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, they are denied.

**PARTIES AND SERVICE**

4. HireRight lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and they are therefore denied.

5. Admitted.

6. In response to the allegations in paragraph 6, HireRight admits only that it is a Delaware company with its principal place of business in Nashville, Tennessee; it maintains a registered agent for service in Frisco, Texas; it is a consumer reporting agency within the meaning of the FCRA; and it sometimes prepares consumer reports within the meaning of the FCRA. The remaining allegations in paragraph 6 are denied.

7. HireRight cannot respond to the allegations in paragraph 7 because they are incomplete. Nonetheless, HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA and it sometimes prepares consumer reports within the meaning of the FCRA. The remaining allegations in paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. In response to the allegations in paragraph 8, HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA and it sometimes prepares consumer reports for employment purposes within the meaning of the FCRA. The remaining allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. HireRight admits only that it sells consumer reports in this district. The remaining allegations in paragraph 9 are denied.

## FACTUAL ALLEGATIONS

10. HireRight lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 10, and it is therefore denied.

11. HireRight lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and they are therefore denied.

12. Admitted.

13. The allegations in paragraph 13, including subparagraph a, refer to the contents of a document which speaks for itself. Any contrary characterizations of it are denied. HireRight specifically denies that it "falsely" and/or "erroneously" published a report or information in a report about Plaintiff.

14. HireRight lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and they are therefore denied.

15. The allegations in paragraph 15 refer to the contents of court records that speak for themselves and any contrary characterizations of them are denied. By way of further answer, HireRight lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 15, and it is therefore denied.

16. Denied.

17. HireRight denies that it "falsely" and/or "erroneously" published a report or information in a report about Plaintiff. HireRight lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17, and they are therefore denied.

18. Denied.

19. Admitted.

20. Admitted.

21. The allegations of Paragraph 21 are conclusions of law to which no response is required. To the extent a response is required, HireRight denies that it did not conduct a reasonable investigation.

22. Denied.

23. Denied.

24. In response to paragraph 24, HireRight denies that it reported false and/or erroneous information about Plaintiff and that it damaged Plaintiff in any way.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. HireRight denies that it caused any of Plaintiff's alleged damages. HireRight denies that it damaged Plaintiff or is liable to Plaintiff in any way. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and they are therefore denied.

31. Denied.

## FIRST CAUSE OF ACTION

32. Paragraph 32 is an incorporation paragraph to which no response is required. To the extent a response is required, HireRight incorporates paragraphs 1 through 31 of its Answer as if set forth at length herein.

33. Paragraph 33 is a statement and not an allegation to which no response is required. To the extent a response is required, HireRight denies it violated the Fair Credit Reporting Act in any way.

34. Denied.

35. Denied. HireRight denies the allegations in paragraph 35, including subparts (a) through (h).

36. HireRight denies that it damaged Plaintiff in any way.  HireRight lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 and they are therefore denied.

37. Denied.

38. Denied.

39. The allegations in paragraph 39 are legal conclusions to which no response is required.  To the extent a response is required, they are denied.

## SECOND CAUSE OF ACTION

40. Paragraph 40 is an incorporation paragraph to which no response is required.  To the extent a response is required, HireRight incorporates paragraphs 1 through 39 of its Answer as if set forth at length herein.

41. Paragraph 41 is a statement and not an allegation to which no response is required.  To the extent a response is required, HireRight admits only that Plaintiff seeks to assert claims under the FCRA.

42. Denied.

43. Denied.  HireRight denies the allegations in paragraph 43, including subparts (a) through (h).

44. HireRight denies that it damaged Plaintiff in any way.  HireRight lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 44 and they are therefore denied.

45. Denied.

46. The allegations in paragraph 46 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

47. Denied.

## THIRD CAUSE OF ACTION

48. Paragraph 48 is an incorporation paragraph to which no response is required. To the extent a response is required, HireRight incorporates paragraphs 1 through 47 of its Answer as if set forth at length herein.

49. Denied. HireRight denies the allegations in paragraph 49, including subparts (a) through (c).

50. HireRight denies that it damaged Plaintiff in any way. HireRight lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 and they are therefore denied.

51. Denied.

52. Denied.

## FOURTH CAUSE OF ACTION

53. Paragraph 53 is an incorporation paragraph to which no response is required. To the extent a response is required, HireRight incorporates paragraphs 1 through 52 of its Answer as if set forth at length herein.

54. Denied. HireRight denies the allegations in paragraph 54, including subparagraphs (a) through (c).

55. HireRight denies that it damaged Plaintiff in any way. HireRight lacks knowledge or information of the remaining allegations in paragraph 55 and they are therefore denied.

56. Denied.

57. Denied.

## DEMAND FOR JURY TRIAL

58. Plaintiff's jury demand is a legal conclusion is not an allegation and no response is required.

## PRAYER FOR RELIEF

**WHEREFORE**, this Court should enter judgment on all counts of Plaintiff's Complaint in favor of HireRight and against Plaintiff and specifically requests that the Court deny judgment to Plaintiff's corresponding requests for relief as follows:

1. Denied;

2. Denied;

3. Denied;

4. Denied;

5. Denied; and

6. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

HireRight asserts the following affirmative and other defenses to Plaintiff's Complaint. HireRight reserves the right to assert additional defenses that become available or apparent during the discovery period, as well as its right to amend its Answer.

1. Plaintiff's claims are barred because HireRight did nothing wrong.

2. Plaintiff's claims are barred on the ground that HireRight acted reasonably at all times, without negligence, without recklessness, and without intent to injure Plaintiff.

3. Plaintiff's § 1681e(b) claims are barred on the ground that HireRight has reasonable procedures to assure the maximum possible accuracy of consumer reports.

4. Plaintiff's § 1681(i) claims are barred on the grounds that Plaintiff submitted a different dispute than what is alleged in her Complaint.

5. Plaintiff's § 1681(i) claims are barred on the ground that HireRight conducted a timely and reasonable reinvestigation of Plaintiff's submitted dispute and correctly resolved it accurately.

6. Plaintiff's claims are barred on the ground that HireRight's actions or omissions did not cause, proximately or otherwise, the injury or damages Plaintiff alleges to have suffered.

7. Plaintiff's claims are barred to the extent that Plaintiff's alleged damages were proximately caused by Plaintiff or a third party, such as the company for whom Plaintiff applied to work.

8. Plaintiff's claims are barred to the extent that Plaintiff has suffered no actual damages, and an award of statutory and/or punitive damages to him would violate HireRight's due process rights as they are disproportionate to the harm alleged and suffered.

9. Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate his alleged damages.

10. Plaintiff's claims are barred to the extent that HireRight acted at all times in accordance with the FCRA.

Dated: November 7, 2025                Respectfully submitted,

*/s/ Jonathan Lautin*
Jonathan A. Lautin
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsmile)
jlautin@qslwm.com

**COUNSEL FOR DEFENDANT HIRERIGHT, LLC**

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2025, I electronically filed the foregoing Defendant HireRight, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court via CM/ECF, which will automatically send notification of such filing to all counsel of record.

*/s/ Jonathan Lautin*
Jonathan Lautin